*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LAURA L. ANISE, ALSO KNOWN AS
"MRS. ANISE, WIFE OF MAGDY
ANISE,"

          Plaintiff,

      v.

JPMORGAN CHASE BANK,
NATIONAL ASSOCIATION,

          Defendant.

Civil Action No.: 16-8125 (FLW)(DEA)

**AMENDED OPINION**

**WOLFSON, United States District Judge:**

Plaintiff Laura L. Anise ("Plaintiff"), individually, commenced this action against defendant JP Morgan Chase, N.A. ("Defendant" or "Chase") in state court, asserting various state law claims arising from an underlying state court foreclosure action that resulted in a judgment against Plaintiff and her husband, Magdy Anise. Defendant removed the case to this Court. Presently before the Court is Defendant's motion to dismiss, contending that, based on the judgment of foreclosure in the state court, the Complaint is barred under the doctrine of *res judicata*. However, the Court *sua sponte* concludes that the Complaint is barred under the *Rooker-Feldman* doctrine. For the reasons set forth below, the case is dismissed for lack of subject matter jurisdiction, and Defendant's motion to dismiss is **DENIED** as moot. Since this case was removed to federal court, the Court finds it appropriate to remand the Complaint to the New Jersey Superior Court, Monmouth County, Law Division.[1]

---

[1] As discussed infra, on a motion to dismiss, this Court has previously determined that, "[w]here

1

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff alleges that her husband, Magdy Anise, purchased real property located at 714 Ocean Avenue, Sea Bright, New Jersey (the "Property").[2] See Compl., ¶ 6. Plaintiff asserts that her husband was the sole owner of the Property, since only his name was on the deed. Id. Several years later, Magdy Anise decided to refinance the Property with Washington Mutual Bank, F.A. ("WaMu"). Id. at ¶¶ 8-9. On June 5, 2007, Magdy Anise executed a note in favor of WaMu, which evidenced a loan in the amount of $2,600,000. Id. at ¶¶ 8-9, 13. The loan was secured by a mortgage on the Property. Id. Plaintiff alleges that the mortgage was signed by Magdy Anise, as well as someone purporting to be Plaintiff.[3] Id. at ¶ 14.

In late September 2008, WaMu collapsed and Chase acquired certain assets and liabilities, including the instant note and mortgage, from the Federal Deposit Insurance Corporation (the "FDIC").[4] Id. at ¶ 10; see Declaration of Richard P. Haber, Esq. ("Haber

---

a complaint has been removed, the appropriate course is usually to remand those claims barred by *Rooker-Feldman* to state court." Patetta v. Wells Fargo Bank, NA, No. 09-2848, 2010 WL 1931256, at *9 (D.N.J. May 13, 2010).

[2] On this motion, the allegations in the Complaint will be accepted as true. However, the Court notes that the Complaint is drafted as if it is a legal brief, since it includes both argument and citations to case law. Indeed, counsel states that, "[d]ue to the intricacy of the Chase's fraudulent conduct, the Complaint will be unusually detailed in law and fact." Compl., ¶ 1. In this section, the Court will recount only the factual allegations, and not any arguments in law.

[3] Plaintiff alleges that another person forged her signature on the mortgage. Compl., ¶ 14. In the Complaint, Plaintiff asserts that "[t]his instant Complaint... is NOT related to the forgery. Plaintiff only points out the forgery in order to direct attention to the fact that Plaintiff did NOT join in the Mortgage." Id. at ¶ 15. For the purposes of this motion, the Court assumes that Plaintiff and her husband signed the mortgage because, without her signature, Plaintiff would lack standing to bring suit.

[4] "[A] district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings…. However, an exception to the general rule is that a document integral to or explicitly relied upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." In re Burlington Coat Factory Sec. Litig., 114 F.3d

Decl."), Exs. A-C. On May 30, 2014, Chase filed a foreclosure complaint in the New Jersey Superior County, Monmouth County, Chancery Division. Compl., ¶ 2; see Haber Decl., Ex. D. Plaintiff asserts that "[s]aid foreclosure action arose out of a delinquency in paying a mortgage on [the Property]." Compl., ¶ 2. That foreclosure complaint named the following defendants: (i) Magdy Anise, (ii) Laura L. Anise, (iii) "Mrs. Anise, Wife of Magdy Anise," and (iv) the State of New Jersey. Id. at ¶¶ 2-3; see Haber Decl., Ex. D.

In that state court action, Chase served process through publication on July 2, 2014. See Haber Decl., Ex. E. However, the defendants in that action failed to file an answer. On November 19, 2014, Chase voluntarily dismissed the fictitious party named "Mrs. Anise, Wife of Magdy Anise." Id. at Ex. F. However, Laura L. Anise, Plaintiff here, remained a named party. Id. Approximately one year later, on December 31, 2015, the state court dismissed the foreclosure action for lack of prosecution. Id. at Ex. H. Chase filed a motion to vacate the dismissal for lack of prosecution, which the state court granted on March 18, 2016. Id. at Ex. I. After the foreclosure action was reinstated, Chase moved for final default judgment. Id. at Ex. K. On July 19, 2016, the state court entered a judgment of foreclosure against both Plaintiff and her husband, and issued a writ of execution. Id.

After the judgment was entered, counsel for Plaintiff and her husband filed a motion to vacate the order vacating the dismissal against Chase for lack of prosecution, as well as to

---

1410, 1426 (3d Cir. 1997) (alteration in original) (internal quotation marks and citation omitted); see In re Donald J. Trump Casino Sec. Litig.-Taj Mahal Litig., 7 F.3d 357, 368 n.9 (3d Cir. 1993) (internal quotation marks and citation omitted) (stating that "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."). Here, the Complaint alleges misconduct by Chase during the foreclosure action. Chase has attached various state court documents related to that action. Accordingly, this Court will consider those documents integral to the allegations in the Complaint.

rescind and cancel the writ of execution.[5]  See Supplemental Declaration of Richard P. Haber, Esq. ("Haber Supp. Decl."), Exs. A-C.  However, counsel later clarified that Plaintiff and her husband sought "to vacate the final judgment of foreclosure, [and] rescind and cancel and quash the writ [of] execution."  Haber Decl., Ex. L at 4:1-5.

In their moving papers filed in state court, counsel asserts that he is the "[a]ttorney for Defendant(s) Magdy F. Anise and Laura L. Anise."  Haber Supp. Decl., Exs. A, C.  In support of the motion, counsel asserts arguments solely on behalf Laura L. Anise.  Id.  At oral argument, counsel argued that Chase had actually dismissed Plaintiff from the state court action, since it voluntarily dismissed "Mrs. Anise, wife of Magdy Anise," although "Laura L. Anise" was not dismissed.  See Haber Decl., Ex. L at 6:7-18.  Counsel also argued that he "submitted a handwriting expert report indicating that Ms. Magdy never signed the actual mortgage, and [that] the expert report indicated there's a strong likelihood that her signature fails to make the mark that was made on the mortgage...."  Id. at 6:19-25.

On August 19, 2016, the state court denied the motion to vacate as to both Plaintiff and her husband.  Id.  Magdy Anise, alone, filed a notice of appeal with the New Jersey Superior Court, Appellate Division, which is still pending.  Id. at Ex. N.  Instead of filing an appeal with her husband, on September 28, 2016, Plaintiff filed her own Complaint in the New Jersey Superior Court, Monmouth County, Law Division.  Plaintiff asserts the following state law claims against Chase: (i) Count I – violations of the New Jersey Consumer Fraud Act (the "NJCFA"), N.J. Stat. Ann. 56:8-1, et seq., for unconscionable commercial practices; (ii) Count II

---

[5] Plaintiff perplexingly contends that counsel in the foreclosure action "filed the motion [to vacate] strictly on behalf of Magdy Anise and NOT Laura L. Anise."  Pl.'s Br. in Opp. at pg. 10.  As discussed infra, this statement is patently false.

4

– violations of the NJCFA for deception, fraud, false pretense and misrepresentation; (iii) Count III – common law conversion; and (iv) Count IV – a request for declaratory relief.

On November 1, 2016, Chase filed a notice of removal to this Court. Later that same month, Chase filed the instant motion to dismiss in lieu of filing an answer to the Complaint. The following day, Plaintiff filed a motion for summary judgment. On November 29, 2016, this Court denied that motion for summary judgment without prejudice, since Plaintiff committed various procedural errors, including the failure to file a separate statement of undisputed material facts, as well as submitting a moving brief in excess of forty pages. Plaintiff has not renewed her motion for summary judgment, but she opposes the motion to dismiss.

## II. STANDARD OF REVIEW

When reviewing a motion to dismiss on the pleadings, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks omitted). Under such a standard, the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009).

However, Rule 12(b)(6) only requires a "short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the…

5

claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555. The complaint must include "enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 234 (internal quotation marks and citation omitted); Covington v. Int'l Ass'n of Approved Basketball Officials, 710 F.3d 114, 118 (3d Cir. 2013) (internal quotation marks and citation omitted) ("[A] claimant does not have to set out in detail the facts upon which he bases his claim. The pleading standard is not akin to a probability requirement; to survive a motion to dismiss, a complaint merely has to state a plausible claim for relief.").

In sum, under the current pleading regime, when a court considers a dismissal motion, three sequential steps must be taken: first, "it must take note of the elements the plaintiff must plead to state a claim." Connelly v. Lane Const. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (internal quotations marks and brackets omitted). Next, the court "should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. (internal quotation marks omitted). Lastly, "when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. (internal quotation marks and brackets omitted).

### III. DISCUSSION

According to Plaintiff, "[her] Complaint is predicated on the unconscionable, fraudulent, false and deceptive actions of the [Chase] in trying to remedy a severe deficiency in the Mortgage Document which hindered it from foreclosing on the Property." Compl., ¶ 19. While the Complaint is not a model of clarity, Plaintiff appears to allege that Chase made misrepresentations to the state court in the foreclosure proceeding about the relationship between

6

Plaintiff and her husband, Magdy Anise. Specifically, Plaintiff claims that Chase purposefully hid the fact that Plaintiff was married to Magdy Anise in order to obtain a judgment of foreclose, even though Chase knew that it had no right to foreclose her marital interest in the Property. Consequently, Plaintiff asks this Court to restore her interest in the Property, as well as quash the foreclosure judgment and writ of execution.

a. **The *Rooker-Feldman* Doctrine**

Although Chase does not move to dismiss the Complaint pursuant to the *Rooker-Feldman* Doctrine, the Court raises this issue *sua sponte*.[6] See Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 77 (3d Cir. 2003) (stating that "it is incumbent upon federal courts to ensure that subject matter jurisdiction exists if such is in question."); see also Allen v. DeBello, --- F.3d ---, No. 16-2644, 2017 WL 2766365, at *2 (3d Cir. Jun. 27, 2017) (declaring that courts have a continuing obligation to *sua sponte* determine whether subject matter jurisdiction is in question); In re Madera, 586 F.3d 228, 232 (3d Cir. 2009) (affirming the *sua sponte* dismissal of the post-foreclosure claim for rescission of the mortgage, under the *Rooker-Feldman* doctrine, for lack of subject matter jurisdiction); Van Tassel v. Lawrence County Domestic Relations Sections, 390 Fed. Appx. 201, 203 (3d Cir. 2010) (upholding the *sua sponte* dismissal of the complaint under *Rooker-Feldman* doctrine); Briksza v. Moloney, No. 08-1785, 2009 U.S. Dist. LEXIS 52205, at *7-9 (D.N.J. Jun. 19, 2009) (*sua sponte* dismissing the complaint because "this Court does not have subject matter jurisdiction over [the] claims under the *Rooker-Feldman* doctrine.").

---

[6] In its motion, Chase argues that the Complaint is barred by the doctrine of *res judicata*. Since federal courts are under a continuing obligation to ensure that subject matter jurisdiction exist, this Court must determine whether the Complaint is barred, pursuant to the *Rooker-Feldman* doctrine.

"The *Rooker-Feldman* doctrine strips federal courts of jurisdiction over controversies that are essentially appeals from state-court judgments." Williams v. BASF Catalysts LLC, 765 F.3d 306, 315 (3d Cir. 2014) (internal quotation marks and citation omitted). Stated differently, "*Rooker-Feldman*… is a narrow doctrine, confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id. (internal quotation marks and citation omitted); see Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

In order for the *Rooker-Feldman* doctrine to deprive a federal court of jurisdiction, four requirements must be satisfied: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (alteration in original) (quoting Exxon Mobil Corp., 544 U.S. at 284). The Third Circuit has explained that "[t]he second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim," or whether the newly raised claim is so intertwined that a "favorable decision in federal court would require negating or reversing the state-court decision." Id. at 166, 170 n.4.

As a threshold matter, the fact that Magdy Anise has filed an appeal does not preclude the application of the *Rooker-Feldman* doctrine. A number of courts, including courts in this district, have held that the doctrine applies "as long as the federal action seeks review of a previous state court judgment, regardless of whether that judgment is being appealed in the state courts when the federal case begins." Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt,

8

P.C., 701 F. Supp. 2d 340, 346-47 (E.D.N.Y. 2010); see Field Auto City, Inc. v. GMC, 476 F. Supp. 2d 545, 553 (E.D. Va. 2007) ("[T]here is no sound reason to preclude the operation of *Rooker-Feldman* where a state trial court has rendered judgment, but state appeals are not yet complete when the federal action is filed."), aff'd, 254 Fed. Appx. 167 (4th Cir. 2007); see also Weber v. McGrogan, No. 14-7340, 2016 WL 3381233, at *5-6 (D.N.J. Jun. 9, 2016).

The court in Weber explained that "treating a state court judgment as final, regardless of whether the state court appeals have been determined, is more consistent with the overall purpose of the *Rooker-Feldman* doctrine: preventing state court losers from challenging their losses in federal court." Weber, 2016 WL 3381233, at *5-6. Similarly, the court in Caldwell determined that the purpose of the *Rooker-Feldman* doctrine "would be undermined if [it] is inapplicable simply because a litigant happens to be seeking state appellate review of a state court judgment, while also seeking federal district court review of that judgment." Caldwell, 701 F. Supp. 2d at 348. Although the Court has not found a case with a similar procedural posture, the purpose of the *Rooker-Feldman* doctrine would be frustrated by allowing state court losers to avoid the application of the doctrine when one party appeals the state court judgment, while the other party files suit collaterally attacking that judgment. See id. at 348-49; Field Auto City, Inc., 476 F. Supp. 2d at 553; Weber, 2016 WL 3381233, at *5-6. Since the procedural tactics used by Plaintiff and her husband cannot relieve them from the *Rooker-Feldman* doctrine, the Court now turns to the doctrine's requirements.

On July 19, 2016, the state court entered a judgment of foreclosure against both Plaintiff and her husband, Magdy Anise. While they did not participate in the foreclosure action prior to the entry of judgment, both Plaintiff and her husband filed a motion to vacate the foreclosure judgment. In the state court action, their counsel argued that certain irregularities – both in the

9

execution of the mortgage and during the foreclosure action – prohibited the entry of judgment. The state court disagreed, and denied the motion to vacate on August 19, 2016. Instead of joining in the appeal filed by Magdy Anise, Plaintiff filed a separate complaint in state court, which was removed here. See Lewis v. Citibank, N.A., 179 F. Supp. 3d 458, 462 (E.D. Pa. 2016) (stating that "courts throughout the country have applied the *Rooker-Feldman* doctrine to cases… where a plaintiff originally brought her action in state court before the defendant removed to federal court."); see also Patetta, 2010 WL 1931256, at *9. Accordingly, since this action was commenced after the state court entered the foreclosure judgment against Plaintiff and her husband, the Court concludes that judgment is rendered, and that Plaintiff is a state court loser. See Great W. Mining & Mineral Co., 615 F.3d at 166.

Turning to the second and forth requirements, the Third Circuit has held that the *Rooker-Feldman* doctrine applies when a mortgagor challenges the judgment in his or her foreclosure action. See In re Madera, 586 F.3d at 232 (holding that the claim for rescission of the mortgage was barred by the *Rooker-Feldman* doctrine, since "a favorable decision for the [plaintiff] in the federal courts would prevent the [state court] from enforcing its order to foreclose the mortgage."); see also In re Knapper, 407 F.3d 573, 581 (3d Cir. 2005). Specifically, courts must examine the gravamen of the complaint to determine whether the "claims are in essence an attack on the state court judgment of foreclosure." Gage v. Wells Fargo Bank, N.A., 521 Fed. Appx. 49, 51 (3d Cir. 2013) (concluding that the plaintiff cannot evade the *Rooker-Feldman* doctrine because the "complaint reveals the nature of [the plaintiff's] claims against Wells Fargo: the bank had no right to foreclose on the property and therefore committed 'criminal acts' by enforcing the foreclosure judgment….").

Indeed, courts in this district regularly hold that the *Rooker-Feldman* doctrine prohibits claims in a federal action that challenge the validity of the mortgage or the right to foreclose, because such claims effectively seek to negate or reverse the state court judgment of foreclosure. See Dunbar v. Nationstar Mortg., LLC, No. 16-4259, 2016 WL 6804874, at *2 (D.N.J. Nov. 16, 2016) (holding that the court lacked subject matter jurisdiction, since "*Rooker-Feldman* prohibits the Court from exercising jurisdiction over Plaintiff's statutory and common law claims challenging the validity of the loan agreement and Defendants' right to foreclose."); Lewis v. Pennymac Corp., No. 16-1514, 2016 WL 2901707, at *3 (D.N.J. May 18, 2016) (concluding that the court did not have jurisdiction, under the *Rooker-Feldman* doctrine, because "[t]he gravamen of Plaintiff's Complaint is that Defendants had no right or standing to foreclose on the Property."); Siljee v. Atl. Stewardship Bank, No. 15-1762, 2016 WL 2770806, at *5 (D.N.J. May 12, 2016) (holding that the *Rooker-Feldman* doctrine barred a breach of contract claim because "[i]ts essence… is that the mortgage is invalid or that Atlantic had no standing to assert it."). Against that background, the Court must now determine whether each claim in the Complaint challenges either the validity of the mortgage or the right to foreclose.[7]

### i.  Violation of the NJCFA (Count I)

Plaintiff complains that Chase engaged in unconscionable commercial practices in violation of the NJCFA. According to Plaintiff, "[i]n its attempt to collect the debt due on the Mortgage and to fully foreclose on all interests of the parties in the Property, [Chase]... devised a very underhanded and sinister plan... to paint the picture that Magdy Anise and [Plaintiff] were

---

[7] The Court notes, without weighing in on the merits, that the allegations in the Complaint are both confusing and repetitious and contain superfluous legal arguments. In any event, the Court attempts to accurately recount each claim, infra, as alleged in the Complaint.

11

not married to one another... at the time they executed the Mortgage Document." Compl., ¶¶ 34-35. Plaintiff claims that "[Chase] would therefore avoid having to deal with the issue of whether or not [Plaintiff] had 'joined in the mortgage.'" Id. at ¶ 35. In addition, Plaintiff asserts that "[Chase] also filed a false Certification of Marital Status for Magdy Anise," which "stated that Magdy Anise's spouse had no marital interest in the Property." Id. at ¶ 45. Plaintiff claims that, in order "[t]o totally solidify its foreclosure case, and to remove any potential questions even pertaining to [Plaintiff's] marital status, [Chase] went on to file another false Certification of Marital Status for [Plaintiff]," which "stated that the spouse of [Plaintiff] had no interest in the Property." Id. at ¶¶ 47-48. Plaintiff alleges that Chase developed this "illicit scheme in order to convert Plaintiff's possessory interest in the Property." Id. at ¶¶ 46, 73(F)-(G).

Essentially, Plaintiff maintains that Chase did not have the right to foreclose on her interest in the Property, and that it engaged in fraudulent conduct throughout the foreclosure action, and prior to the judgment of foreclosure, in order to obtain judgment. See Dunbar, 2016 WL 6804874, at *2; Lewis, 2016 WL 2901707, at *3; Siljee, 2016 WL 2770806, at *5. Stated differently, Plaintiff asks this Court to find that Chase was not entitled to judgment in state court. However, the *Rooker-Feldman* doctrine prohibits this Court from making precisely this kind of finding. Relatedly, it is abundantly clear that Plaintiff is attempting to overturn the state court judgment of foreclosure, since she requests that this Court restore her possessory interest in the Property. See Compl., ¶ 85(B); see Gage, 521 Fed. Appx. at 51. Accordingly, because Plaintiff is attempting to collaterally attack the foreclosure judgment, the Court concludes that the *Rooker-Feldman* doctrine bars Count I.

ii.     **Violation of the NJCFA (Count II)**

Plaintiff asserts that Chase, in its state court foreclosure complaint, committed the following acts of deception and fraud: (i) asserting that, when the note and mortgage was executed, the marital status of Magdy Anise was unknown; (ii) asserting that Magdy Anise were not married until after the execution of the note and mortgage; (iii) asserting that Chase could not ascertain whether Magdy Anise was married. Compl., ¶¶ 75(A)-(C). Furthermore, Plaintiff alleges that Chase made the following misrepresentations in its certification of marital status: asserting that there are no curtesy, dower or other marital interests for either Plaintiff or Magdy Anise. Id. at ¶¶ 75(D)-(E). According to Plaintiff, "[e]ach of the preceding acts of deception, fraud, false pretense and/or misrepresentations by [Chase] constitutes a separate violation of the [NJCFA]." Id. at ¶ 75(F).

In this claim, Plaintiff asserts strikingly similar allegations to her other NJCFA claim in Count I. Plaintiff claims that Chase made misrepresentations about its right to foreclose on the Property, and she requests that the Court restore her possessory interest in the Property, notwithstanding the judgment of foreclosure and writ of execution. For the same reasons set forth supra, this Court is prohibited from making these kind of findings under the *Rooker-Feldman* doctrine. See Dunbar, 2016 WL 6804874, at *2; see also Shibles v. Bank of Am., N.A., No. 16-4357, 2017 WL 2423054, at *3-5 (D.N.J. Jun. 5, 2017) (dismissing an NJCFA claim, under the *Rooker-Feldman* doctrine, since the plaintiff claimed that the bank had no right to foreclose based on its pattern of fraud prior to the entry of judgment). Accordingly, the Court concludes that Count II is also barred.

### iii.    Conversion (Count III)

Plaintiff alleges that "[Chase], against the will of the Plaintiff, [and] by using an intricate and deceptive scheme, converted Plaintiff's statutorily given Property interest to its own

13

benefit," and that "[Chase] has failed to return, or take remedial measures which would cause the return of, Plaintiff's possessory interest in the Property." Compl., ¶¶ 87-88. Plaintiff claims that, as a result of the foreclosure judgment, she "has suffered the loss of her possessory interest in the Property." Id. at ¶ 92.

The gravamen of the common law conversion claim is that Chase did not have the right to foreclose on her interest in the Property.[8] See Ricketti v. Barry, No. 13-6804, 2015 WL 1013547, at *8 (D.N.J. Mar. 9, 2015) (internal quotation marks and citations omitted) (stating that conversion is the "unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights."). In other words, Plaintiff maintains that, based on its intricate and deceptive scheme, Chase effectively "stole" her interest in the Property. However, if this Court were to grant her claim for conversion, it would surely require a finding that negates the state court judgment of foreclosure. Indeed, Plaintiff specifically requests that this Court "[r]estor[e] her possessory interest in the Property by quashing the Final Judgment of Foreclosure and the Writ of Execution, and [] requiring [Chase] to remove the lien on the Property." Compl., ¶ 93(A); see Gage, 521 Fed. Appx. at 51. Accordingly, since Plaintiff is attacking the validity of the state court judgment, the Court concludes that the *Rooker-Feldman* doctrine bars Count III.

### iv. Declaratory Judgment (Count IV)

---

[8] In its motion to dismiss, Chase contends that Plaintiff cannot state a claim for conversion, since real property cannot be converted. See Def.'s Br. at pg. 11-12. In response, Plaintiff concedes that this claim should be dismissed. See Pl.'s Br. in Opp. at pg. 17. Plaintiff nonetheless argues that, "[a]lthough case law has indeed 'historically' applied the tort of conversion to chattels and not real property, it is submitted that in light of the flagrant improper actions of Chase Bank and its attorney, the Court should consider applying this tort to real property." Id. at pg. 31. However, the Court need not resolve that issue on this motion.

14

Plaintiff seeks two separate declarations from this Court. First, since Chase asserted in the foreclosure complaint that Plaintiff and her husband were not married at the time the mortgage documents were executed, Plaintiff seeks a declaration that "Chase Bank is precluded from alleging that Magdy Anise was married to Laura L. Anise at the time of the execution of the Mortgage Document." Compl., ¶¶ 95, 100(A). Second, Plaintiff seeks a declaration that "Chase Bank is precluded from alleging that the Plaintiff Laura L. Anise (who is the Wife of Magdy Anise) 'joined in the Mortgage,'" because Chase voluntarily dismissed her from the foreclosure action. Id. at ¶¶ 97-98, 100(B).

Although Plaintiff does not expressly seek to invalidate the foreclosure judgment, the requested relief appears to be premised on the assumption that the judgment of foreclosure should be reversed and the state court action reopened. Specifically, Plaintiff requests that this Court declare that Chase is precluded from making assertions, presumably in the underlying foreclosure action, that contradict the findings made by the state court. For instance, on the motion to vacate in state court, Plaintiff argued that she was voluntarily dismissed, but the state court denied that motion. Clearly, this count is so intertwined with the foreclosure judgment that a favorable decision in this Court would require a finding that the state court was wrong in entering a foreclosure judgment for Chase. See Great W. Mining & Mineral Co., 615 F.3d at 166, 170 n.4. Accordingly, Count IV is barred.

Finally, courts often dismiss a complaint filed in the federal court that is barred under the *Rooker-Feldman* doctrine. See, e.g., Dunbar, 2016 WL 6804874, at *1; Lewis, 2016 WL 2901707, at *5; Siljee, 2016 WL 2770806, at *1. However, in cases where an action is removed to federal court, courts in this district have found it appropriate to remand the complaint to the state court. See Patetta, 2010 WL 1931256, at *9 ("Where a complaint has been removed, the

appropriate course is usually to remand those claims barred by *Rooker-Feldman* to state court."); see also Thorne v. OneWest Bank, F.S.B., No. 15-422, 2015 U.S. Dist. LEXIS 82498, at *7 (D.N.J. Jun. 25, 2015); El Bey v. N. Brunswick Mun. Court, No. 08-2825, 2008 WL 2510725, *2 (D.N.J. Jun. 19, 2008).  Because this is a removed case, the Court concludes that remand is appropriate.

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is **DENIED** as moot. Because the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine, the Court remands the Complaint to the New Jersey Superior Court, Monmouth County, Law Division.


DATED: July 5, 2017                                              /s/ Freda L. Wolfson
                                                                 The Honorable Freda L. Wolfson
                                                                 United States District Judge